**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**


LANCE ADAM GOLDMAN

                Petitioner,             Case Number: 19-12110
                                                             Hon. Thomas L. Ludington

v.

T. WINN, WARDEN,

                Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE
PETITION FOR HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

On July 18, 2019, Michigan prisoner Lance Adam Goldman filed a petition for writ of habeas corpus. He challenges the constitutionality of his detention in the Saginaw Correctional Facility, Freeland, Michigan. He does not challenge his Kalamazoo County conviction for obtaining money by false pretenses and conspiracy to obtain money by false pretenses and the related prison sentence imposed on March 8, 2016 for ten months to seven years and six months. Rather, Petitioner's challenge involves a criminal conviction in the Calhoun County Circuit Court from 2000, Case No. 2000-3259-FH. Petitioner alleges that in 2017 that court revoked his probation sentence and the revocation is detrimentally affecting his current parole eligibility. Because Petitioner has not exhausted his state court remedies as required by 28 U.S.C. § 2254, this matter will be dismissed without prejudice.

**I.**

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that

the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court may summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

A state prisoner must exhaust the remedies available to him in the state courts before a federal court may grant relief. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" his federal claims to the state courts so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Duncan v. Henry*, 513 U.S. 364, 365 (1995). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims at all levels of the state appellate system. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). If a petitioner may still access "any available procedure" in state court to address the question presented, the question has not been properly exhausted. 28 U.S.C. § 2254(c). "It is the petitioner's burden to prove exhaustion." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v. Burford*, 339 U.S. 200, 218–19 (1950)).

Petitioner states that he was convicted by plea in August 2000 in Calhoun County Circuit Court of Attempted Delivery/Manufacture Marijuana and Resisting/Obstructing Police and sentenced to two years' probation. Petitioner alleges that probation was revoked by the circuit court in January 2017. He does not explain if the Calhoun County Circuit Court imposed a custodial sentence. He does assert that he "immediately" filed a motion for relief from judgment.[1]

---

[1] The Court notes that neither the probation revocation nor Petitioner's motion for relief is recorded in the Register of Actions in his case on the Calhoun County Circuit Court website as of August 20, 2019. The Court is "authorized to 'take judicial notice of proceedings in other courts of record[.]'" *Walburn v.*

ECF No. 1 at PageID.2. Because the state court has not responded to Petitioner's motion, he asserts that he "has no available state remedies." *Id.* at PageID.3. Petitioner raises four grounds for habeas relief and requests "this Court grant this Petition and order that Lance Goldman be promptly retried[.]" *Id.* at PageID.9.

It is well settled that "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Seyka v. Corrigan*, 46 Fed. App'x 260, 261 (6th Cir. 2002) (quoting *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970)). This Court thus lacks the authority to compel the Calhoun County Circuit Court to adjudicate Petitioner's post-conviction motion. *See, e.g.*, *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Smith v. Thompson*, 437 F. Supp. 189, 191 (E.D. Tenn. 1976), *aff'd*, 559 F.2d 1221 (6th Cir. 1977).

Furthermore, a habeas petition should be denied on exhaustion grounds where a state appeal or post-conviction motion remains pending. *See e.g.*, *Juliano v. Cardwell*, 432 F.2d 1051, 1051 (6th Cir. 1970). If the trial court rules against Petitioner, he must appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court to properly exhaust his potential habeas claims. *See*, *e.g.*, *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

The mere fact that the Calhoun County Circuit Court may not have adjudicated Petitioner's claims does not excuse him from the exhaustion requirement. Petitioner could seek an order of superintending control from the Michigan Court of Appeals pursuant to M.C.R. 3.302(D)(1) and M.C.R. 7.203(C)(1) to order the Circuit Court to adjudicate his motion. If the Michigan Court of Appeals failed to issue an order of superintending control, Petitioner could seek an order of

---

*Lockheed Martin Corp.*, 431 F.3d 966, 972 n. 5 (6th Cir. 2005) (citations omitted). Petitioner has also not provided the Court with a copy of the trial court's order of probation revocation.

superintending control from the Michigan Supreme Court. M.C.R. 7.303(B)(5); *see also* M.C.R. 7.306. Because Petitioner has not sought relief from the Michigan appellate courts to compel the trial court to entertain his post-conviction motion, he is not excused from exhausting his claims in the state courts. *See Washington v. Warden, Ross Corr. Inst.*, 2003 WL 1867914, at *3 (E.D. Mich. Mar. 21, 2003); *see also Wells v. Marshall*, 885 F. Supp. 314, 318 (D. Mass. 1995) (although his motion for new trial had been pending in the state trial court for nearly four years, state prisoner was not exempt from exhaustion requirement for filing a petition for writ of habeas corpus where he did not seek intervention from the highest state court to remedy the delay).

## II.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation and quoting citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability. The Court will also deny Petitioner permission to proceed on appeal *in forma pauperis* because an appeal cannot be taken in good faith. 28 U.S.C. § 1915(a)(3).

## III.

Accordingly, it is **ORDERED** that Goldman's Motion for Immediate Consideration, ECF No. 3, is **GRANTED.**

It is further **ORDERED** that Goldman's Petition for a Writ of Habeas Corpus, ECF No. 1, is **DISMISSED** without prejudice.

It is further **ORDERED** that a certificate of appealability and permission to appeal *in forma pauperis* are **DENIED**.

Dated: November 19, 2019
s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Lance Goldman** #542675, SAGINAW CORRECTIONAL FACILITY, 9625 PIERCE ROAD, FREELAND, MI 48623 by first class U.S. mail on November 19, 2019.

s/Kelly Winslow
KELLY WINSLOW, Case Manager